**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CRAIG CRAINE,

        Plaintiff,

vs.                                          Case No. 3:07-cv-72-J-32HTS

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, LOCAL 1408 AND
JACKSONVILLE MARITIME
ASSOCIATION, INC.,

        Defendants.

**ORDER**[1]

**I.   BACKGROUND**

Plaintiff, Craig Craine, filed a two count Complaint against the International Longshoremen's Association, Local 1408 ("Local 1408") and Jacksonville Maritime Association, Inc. ("JMA") alleging that: 1) Local 1408 breached its duty of fair representation under 29 U.S.C. § 185 of the Labor Management Relations Act ("LMRA") (Count I); and 2) JMA breached the collective bargaining agreement under § 185 of the LMRA (Count II).  (Doc. 1, Complaint).

Local 1408 filed a motion to dismiss plaintiff's prayer for punitive damages (section d in the *ad damnum* clause) and mental anguish damages (section c of the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

*ad damnum* clause) in the Complaint.[2]  (Doc. 9).  Plaintiff filed a memorandum in opposition. (Doc. 11).  In the opposition, plaintiff appropriately conceded that punitive damages are not available under § 185 of the LMRA.  Thus, the remaining issue is whether plaintiff is entitled to seek mental anguish damages.

In the summer of 2005, plaintiff, a laborer and dues paying member of Local 1408, took an examination to qualify as a Gantry crane operator and obtained the ninth highest score out of one-hundred forty-seven applicants who took the exam. (Doc. 1, ¶¶ 4, 9).  In March 2006, plaintiff submitted a grievance to the union that was unrelated to the Gantry crane training.  (Id. at ¶ 12).  In May 2006, plaintiff continued in the Gantry training program; he passed a required physical and participated in classroom training.  (Id. at ¶¶ 13, 14).  About that time, plaintiff's March 2006 grievance was heard and denied.  (Id. at ¶ 16).  Then, in July 2006, Plaintiff was informed that he was being removed from the Gantry training program and that two other individuals who scored lower on the qualifying examination were being substituted in his place.  (Id.).

On August 1, 2006, plaintiff filed a written grievance with the union concerning his removal from the program.  After exchanging correspondence with Local 1408 and the union's district office relating to the inaction on his grievance, plaintiff received a letter from Local 1408's president stating that plaintiff was removed from the training

---

[2]  Defendant Jacksonville Maritime Association, Inc. filed an Answer.  (Doc. 7).

program because of his "attitude." (Id. at ¶¶ 18-21). As of the date of the Complaint (February 1, 2007) plaintiff had received no action on his grievance in contravention of the collective bargaining agreement. (Id. at ¶¶ 8, 22). Plaintiff further alleges that (1) his removal from the training program and the subsequent failure to take any action on his grievance was done arbitrarily and in bad faith at least in part due to his unrelated March 2006 grievance, (2) the defendants "conspired" with one another to deprive plaintiff of his bargaining rights and (3) defendants actions (or inaction) has not allowed him to qualify for a position that would pay him significantly higher wages than he currently earns. (Id. at ¶¶ 23-27).

## II.   APPLICABLE STANDARD

Because a motion to dismiss a prayer for a specific type of damages is properly designated as a motion under Fed. R. Civ. P. 12(b)(6), the Court will apply the standards attendant to that rule. Gordon v. Pall Aeropower Corp., 1998 WL 1056981, *1 (M.D. Fla.) (unpublished opinion). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Secretary of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary;

the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson, 127 S.Ct. at 2200 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-1965 (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

**III.  DISCUSSION**

Congress has not specified what remedies are available in unfair representation suits. International Brotherhood of Electrical Workers v. Foust, 99 S.Ct. 2121, 2125 (1979). Where Congress has not done so, the federal courts must fashion remedies. Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Lucas Flour Co., 82 S.Ct. 571, 576-77 (1962). "The fundamental purpose of unfair representation suits is to compensate for injuries caused by violations of employee rights;" thus punitive damages are not allowed and only the "usual" remedies may be

awarded. Foust, 99 S.Ct. at 2126. While the Eleventh Circuit has never addressed the issue, other courts have held that emotional distress damages are awarded in fair representation suits only in exceptional circumstances of extreme misconduct. Angel v. United Paperworkers Int'l Union (Pace) Local 1967, 2007 WL 627847, *8 (6th Cir. Feb. 28, 2007) (unpublished opinion); Cantrell v. International Brotherhood of Electrical Workers, Local 2021, 32 F.3d 465, 468 (10th Cir. 1994); Segarra v. Sea-Land Service, Inc., 581 F.2d 291, 298 (1st Cir. 1978); Beck v. United Food and Commercial Workers Union, Local 99, 2005 WL 2122317, *8 (D. Ariz.) (unpublished opinion). Further, in fashioning available remedies, the Second Circuit classified a fair representation claim as a tort claim and interpreted Foust's language of "usual" damages to include mental anguish damages. Baskin v. Hawley, 807 F.2d 1120, 1133, 1135 (2d Cir. 1986). The Baskin court stated, however, that to obtain mental anguish damages in a case where there is no physical injury (such as in a fair representation case), a plaintiff must show that defendant engaged in "extreme and outrageous conduct...." Id. at 1133 (citing Restatement (Second) of Torts, § 46 (1965)).

Here, this Court is unprepared at the Rule 12(b)(6) phase to rule that plaintiff cannot obtain emotional distress damages in this case. While the Court is mindful that it takes an "exceptional circumstance" and "outrageous" misconduct to entitle one to emotional damages in a fair representation case under § 185, plaintiff ought to

have the opportunity, based on the well plead allegations in this Complaint, to attempt to meet this standard with evidence. The Court anticipates that it will re-visit this issue at the Rule 56 stage, but is unconvinced that it should dismiss this prayer for relief at this juncture under Rule 12(b)(6) standards. Accordingly, it is hereby **ORDERED**:

1.  Defendant International Longshoremen's Association, Local 1408's Motion to Dismiss Plaintiff's Demand for Punitive and Emotional Distress Damages (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**. The prayer for punitive damages is dismissed with prejudice from the case. The prayer for emotional distress and mental anguish damages remains.

2.  Defendant Local 1408 must serve and file an answer no later than **July 26, 2007**.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of July, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:

counsel of record